[No. 13847.   Department One.  May 23, 1917.]

## J. A. TOMKINS, *Appellant*, v. SEATTLE CONSTRUCTION & DRY DOCK COMPANY, *Respondent*.[1]

CONTRACTS—EFFECT OF ILLEGALITY—VIOLATION OF STATUTE.  Where plaintiff, an alien, was employed to come to this country to serve defendant from month to month at a salary of $300 per month, in violation of 23 U. S. St. at L. p. 332, a subsequent agreement, made at the end of the first month, whereby it was agreed that plaintiff should "continue to perform said services for defendant at said monthly salary of $300" is so connected with the illegal contract as to render it illegal and void; the test being as to whether plaintiff is required to rely on the illegal contract.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 27, 1916, upon sustaining a demurrer to the complaint, dismissing an action on contract, tried to the court.   Affirmed.

*E. N. Sears*, for appellant.

*Bogle, Graves, Merritt & Bogle*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for the breach of an alleged contract of employment. To the third amended complaint, which will be hereafter referred to as the complaint, a demurrer was interposed and sustained by the trial court.   The plaintiff refused to plead further and elected to stand upon the complaint.   From a judgment of dismissal, the plaintiff appeals.

The facts as stated in the complaint, so far as necessary to present the decisive question, may be summarized as follows: The respondent was a corporation organized under the laws of the state of New Jersey, doing business in Seattle, Washington, and at Barnett, in the province of British Columbia, Canada.   The appellant was a British subject, and a skilled artisan.   On or about September the 22d, 1915, the respondent, at Vancouver, B. C., "entered into an oral contract of

[1]Reported in 165 Pac. 384.

hiring and employment whereby it was mutually agreed by and between them that defendant (respondent) on said date employed plaintiff (appellant) to serve it from month to month in the capacity of mechanical engineer in Seattle, Washington, and elsewhere, at a monthly wage and salary of $300 a month, and plaintiff agreed to serve defendant as mechanical engineer on said terms and at said salary."

Immediately after this contract was entered into, the appellant came to Seattle, Washington, and there, for one month, beginning on or about September the 25th, 1915, performed his duties as mechanical engineer in the respondent's employ. At the "end of said month it was agreed by and between these parties that thereafter plaintiff should continue to perform said services for defendant, at said monthly salary of $300, from month to month, beginning on the first day of each calendar month thereafter, and plaintiff continued to perform said services for defendant on said terms until December 8th, 1915."

On the date last mentioned, the appellant was discharged by the respondent. The present action was instituted for the purpose of recovering as damages the salary which the appellant would have earned between December 8th, 1915, when he was discharged, and the end of that month. There is no claim that all salary earned up to the date of the discharge had not been paid.

The controlling question is whether the contract pleaded is tainted with illegality. From the facts stated, it appears that the appellant was a British subject, residing in, or near, Vancouver, B. C., when the contract of employment was originally entered into, and that performance of the contract was to take place in Seattle, Washington.

Section 2, of Chap. 164, Vol. 23, U. S. Stat. L., p. 332, of an act entitled "An act to prohibit the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States, its Territories, and the District of Columbia," provides:

"That all contracts or agreements, express or implied, parol or special, which may hereafter be made by and between any person, company, partnership, or corporation, and any foreigner or foreigners, alien or aliens, to perform labor or service or having reference to the performance of labor or service by any person in the United States, its Territories, or the District of Columbia previous to the migration or importation of the person or persons whose labor or service is contracted for into the United States, shall be utterly void and of no effect."

By this act, the original contract of the parties in the present case, made at Vancouver, B. C., was illegal and void and of no effect. This is recognized by the appellant, but it is claimed that, at the end of the first month's service in Seattle, a new contract was entered into, and that such new contract does not violate the act of Congress.

It will be noticed by reference to the second excerpt quoted above from the complaint that, where it is sought to allege the contract made at the end of the first month, it is stated that the appellant "should continue to perform said services for defendant, at said monthly salary of $300." Here is a direct reference which connects the original void contract with the one alleged to have been made at the end of the first month.

It is also alleged that when, on December the 8th, 1915, the appellant was discharged, he was performing services "under said employment from month to month." Here again is a direct reference to the contract alleged in the preceding part of the complaint. The general rule, which is supported by the authorities, is well stated in vol. 15, Am. & Eng. Ency. Law (2d ed.), p. 992, as follows:

"Where a contract grows immediately out of and is connected with a prior illegal contract, the illegality of such prior contract will enter into the new contract and render it illegal. . . . But if the new contract is not connected with the illegal contract or transaction, but is founded on a new consideration, it is not affected by such prior illegal con-

tract or transaction, though the latter may have indirectly given rise to it."

In determining whether a new contract is so connected with an illegal contract as to render it also illegal and void, the test is whether the plaintiff, to make a case, is required to resort to the illegal contract. In *Stirtan v. Blethen*, 79 Wash. 10, 139 Pac. 618, 51 L. R. A. (N. S.) 623, it was said:

"Where a plaintiff, to make a case, must rely upon the illegal contract itself, he cannot recover. The law will aid neither party to an illegal agreement, but will leave the parties where it finds them."

While the facts in that case are not the same as those in this case, the controlling legal principle is the same. The allegations of the complaint in the present case show that the contract alleged to have been made at the end of the first month's service grew out of and was connected with the prior void contract made in British Columbia, and, under the law, the illegality of the latter contract entered into the new contract and rendered it likewise void.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.